No. 1407.

OSCAR DEROUEN, UNDER TUTOR, VS. WILLIAM S. DAVIDSON ET AL.

A sale of property described by boundaries, where one of them can not be definitely fixed and ascertained, is not a sale *per aversionem*. Where one of the boundaries is described as by " donor's " land, and no limit is fixed where the boundary is to commence, it is not a sale within fixed limits and a sale *per aversionem*.

APPEAL from the Twenty-first District Court, Parish of Iberia. *Mouton, J.*

*Walter J. Burke* for Plaintiff and Appellant.

*L. O. Hacker* for Defendants and Appellees.

The opinion of the court was delivered by

MCENERY, J.   The defendant is a judgment creditor of one Tibune Nores.   He issued a *fi. fa.* on his judgment and seized and advertised for sale certain property, seized as the property of said Nores. Previous to the seizure he made a *dation en payment* to his wife, who afterwards died, leaving several minor children, the issue of her marriage with Nores.   A description of a part of the immovable property comprising the *dation* is as follows: " One tract of land, situated in Iberia parish, bounded north by Donor, south by Stansbury, south by Gall and Hebert, east by Mitcheltree and Unknown, and west by Hardy; said tract contains fourteen arpents, more or less, and all improvements."

The validity of the *dation en payment* is not questioned. The defendant, Davidson, seized under his judgment, the land embraced within this description, which contains two hundred acres.

The minor children of the deceased Mrs. Nores, by their under-tutor, enjoined the execution of the judgment upon this property, alleging that it is the identical property given in payment to their mother by their father. If the sale was one, *per aversionem*, there can be no doubt as to the correctness of their contention.

They would be entitled to all the land contained within the designated boundaries regardless of quantity. In a sale *per aversionem* the boundaries must be fixed and certain, so as to give evidence of the intention of the parties to convey the land within the designated and specified boundaries, without reference to the quantity. In the description of this property, the limits are not so fixed as to show that it was the intention to convey a specified body of land. The donor owned the land to the north. There is no limit fixed to the northern boundary. As he, the donor, owned all the land from the south boundary to the extent of his ownership north, there is no means in the description of locating where the lands of the donor should mark the limits of the lands donated.

In order to fix the northern boundary, it is necessary to compute the area by arpents to ascertain the northern limit of the land donated.

It is evident, therefore, that only fourteen arpents, the amount of land designated in the *dation en payment*, were conveyed to the donee, the measurement commencing from the south boundary.

Fourteen acres of this land rightfully belonged to the minors.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so that the order dissolving the injunction shall apply only to one hundred and eighty-six acres of land, embraced within the description of the property in the sheriff's return on the execution. In other respects it is affirmed, the appellee to pay costs of the appeal.